UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>Joram Nunez Joaquin | No. 25 CR 558<br>Magistrate Judge Jeffrey T. Gilbert |

ORDER

Initial appearance and removal proceedings held on 9/10/25. Defendant appears in response to his arrest on 9/10/25. Jon Brayman appeared as counsel for Defendant. Defendant was informed of his rights, the nature of the charges and the maximum penalties. Defendant was informed of his right to an identity hearing. The defendant waived an identity hearing. The Court finds that Defendant Joram Nunez Joaquin is the person named in the arrest warrant issued in the Southern District of New York. Defendant was informed of his rights under Rule 20 of the Federal Rules of Criminal Procedure. Defendant entered a plea of not guilty to each charge and all counts of the Indictment issued in the Southern District of New York in which he is named. Further dates will be set before the District Judge in the Southern District of New York. The Government orally seeks a detention hearing pursuant to 18 U.S.C. § 3142(f)(2)(A) and (B). Defendant also would like a detention hearing. The Government's oral motion is granted for the reasons stated on the record. In accordance with 18 U.S.C. § 3142(f), for good cause shown and by agreement of the parties, a detention hearing is set for 9/15/25 at 1:45 p.m. in Courtroom 1386. As provided by 18 U.S.C. § 3142(f), Defendant is remanded to the custody of the U.S. Marshal and shall remain in custody. It is ordered that Defendant shall remain confined in the Metropolitan Correctional Center or an alternative facility designated by the U.S. Marshal, but held separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. It is further ordered that Defendant shall be afforded reasonable opportunity for private consultation with his counsel while in custody. Pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, the court, with both the prosecutor and defense counsel present, confirmed the government's obligation to disclose favorable evidence to the accused under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and ordered it to do so. Favorable evidence under Brady need have only some weight and includes both exculpatory and impeaching evidence. Failure to produce such evidence in a timely manner may result in sanctions, including, but not limited to, adverse jury

instructions, dismissal of charges, and contempt proceedings. The Court requests that the U.S. Marshal Service obtain from Defendant's wife the prescription medications he takes multiple times a day so that his medication can be tendered to the appropriate people at the MCC or an alternative facility designated by the U.S. Marshal. The Court also requests that the MCC or the alternative facility allow Mr. Nunez to take his medication. T:00:20

Date: 9/10/2025

Jeffrey T. Gilbert
United States Magistrate Judge